Name   Christina A. Humphrey & Robert N. Fisher
Address   1117 State Street
City, State, Zip   Santa Barbara, CA 93101
Phone   (805) 618-2924
Fax   (805) 618-2939
E-Mail   christina@chumphreylaw.com; rob@chumphreylaw.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA AVECILLA and SEAN BAILEY, et al.<br><br>PLAINTIFF(S),<br>v.<br>LIVE NATION ENTERTAINMENT INC., et al.<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>2:23-cv-01943 PA-JC<br><br>NOTICE OF APPEAL |

NOTICE IS HEREBY GIVEN that   **Plaintiffs Pamela Avecilla and Sean Bailey**   hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

### Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

### Civil Matter

☒ Order (specify):
   On Defendant's Motion to Compel

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on   August 7, 2023  . Entered on the docket in this action on  August 7, 2023  .

A copy of said judgment or order is attached hereto.

August 18, 2023                          *[signature: Christina A. Humphrey]*
Date                                     Signature
                                         ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 23-1943 PA (JCx) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Compel Arbitration ("Motion") filed by defendants Live Nation Entertainment, Inc. ("Live Nation") and Live Nation Entertainment, Inc. 401(k) Committee (collectively, "Defendants"). (Docket No. 21.) Plaintiffs Pamela Avecilla and Sean Bailey (collectively, "Plaintiffs") filed an Opposition and Defendants filed a Reply.[1/] (Docket Nos. 35, 48.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing previously calendared for June 12, 2023, was vacated, and the matter taken off calendar.

## I. Background

Plaintiffs are former employees of Live Nation and former participants in Live Nation's 401(k) Savings Plan, a defined contribution plan (the "Plan"). (Docket No. 1 ¶¶ 15–16.) The following arbitration provision ("Arbitration Agreement") was added into the Plan's governing document ("Plan Document") on January 1, 2022:

> (a)    General:    To the fullest extent permitted by applicable law, and in consideration of any rights, benefits, or entitlements provided under or pursuant to the Plan, and as a condition precedent to participation and continuing participation in the Plan, the participants, employees, beneficiaries, settlors, trustees, administrators, and any party making a claim or seeking relief arising under, directly or indirectly related to, or in consequence of the Plan, shall be bound by this Dispute Resolution and Arbitration of Claims provision.

---

[1/]    The Court has also considered the Supplemental Authority filed by Plaintiffs (Docket No. 56) and the Supplemental Authority filed by Defendants (Docket No. 52).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

> Any claim, dispute, or controversy of any kind asserted by a Claimant (which includes any current or former participant, current or former beneficiary, current or former fiduciary, alternate payee, or any of their respective assignees, agents, representatives, assigns, trustees, receivers, or anyone acting on their behalf) that arises out of, implicates, and/or relates to the Plan, including, without limitation, any: (a) claim for benefits under the Plan pursuant to ERISA § 502(a)(1)(B) (following any required exhaustion of administrative remedies); (b) claim pursuant to ERISA § 502(a)(2); or (c) claim pursuant to ERISA § 502(a)(3); (d) claim for any ERISA statutory violation of any kind, including for failure to timely provide notices, documents or information required by ERISA, pursuant to ERISA § 502(c); or (e) claim under any other body of law (collectively "Claim"), will be referred to and finally resolved by confidential binding arbitration.
>
> Arbitration shall be conducted in accordance with the Employment Arbitration Rules and Procedures of New Era ("New Era") ADR (the "New Era Rules"), which can be found at https://www.neweraadr.com/rules-and-procedures/ (except to the extent modified by this Subsection 14.6). A Claimant may obtain a copy of the New Era Rules at any time upon written request to the Plan Administrator or by reviewing the rules at https://www.neweraadr.com/rulesand- procedures/.

(Docket No. 21-3 § 14.6.)

The Plan Document also contains the following "Class Action Waiver":

> (i)   Waiver of Class, Collective, and Representative Actions: To the fullest extent permitted by applicable law:
>
> (i)   The Claimant and any actual or purported participant, beneficiary, assignee, agent, or representative, may not bring a representative, class, or collective action on behalf of any others, including without limitation other Claimants, participants, or beneficiaries. Any Claim in arbitration must be brought on an individual basis . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

> (ii) The Arbitrator(s) shall have the authority to award monetary relief solely with respect to any alleged monetary losses in the individual Claimant's individual defined contribution account under the Plan and may not award monetary relief to or for the benefit of any other participants or beneficiaries. With respect to any Claim brought under ERISA § 502(a)(2) and/or ERISA § 409, a Claimant may obtain losses to the Plan measured by the alleged monetary losses to the individual Claimant's individual defined contribution account. The Claimant waives, forfeits, and forever relinquishes the right to bring a Claim for monetary damages, losses, or injury to any individual Plan account other than the Claimant's account.
>
> (iii) With respect to equitable, injunctive, and non-monetary relief that may be available under ERISA, to the fullest extent permitted by ERISA, the Arbitrator(s) must limit such relief solely to the individual Claimant. If any portion of the Arbitration provision or Class Action Waiver is found to prohibit a Claimant from obtaining any relief under ERISA that the Claimant would be able to obtain on an individual basis, the Arbitration provision and Class Action Waiver shall not be deemed void; rather, the Arbitrator(s) shall have the authority to award such relief.
>
> (iv) This Arbitration provision and Class Action Waiver shall not limit a Claimant's right, if any exists under ERISA, to seek, in the Claimant's individual capacity, relief that may be awarded under ERISA to the Claimant in the Claimant's capacity as an individual who is not bringing a class or collective action.

(Id.)

Plaintiffs allege that Defendants breached their fiduciary duties "in the management, operation and administration of the Plan" and, "as a result of Defendant[s'] actions, participants invested in subpar investment vehicles and paid additional unnecessary operating expenses and fees with no value to the participants resulting in a loss of compounded returns." (Docket No. 1 at pp. 1–2.) Plaintiffs, "individually and as representatives of participants and beneficiaries" of the Plan, commenced this class action against Defendants under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") 29 U.S.C. §§ 1001 et seq. Plaintiffs seek "Plan-wide relief pursuant to ERISA §§ 502(a)(2), (3), and 409(a)" (29 U.S.C. §§ 1132(a),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

1109(a)).  (Id. at p. 1.)[2/]  The Complaint alleges two ERISA causes of action:  (1) breach of fiduciary duty of prudence; and (2) breach of fiduciary duties in violation of duty to investigate and monitor investments and covered service providers.  (Id. ¶¶ 117–134.)

## II.     Legal Standard

"The FAA provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged . . . refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement."  Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (citation omitted) (quoting 9 U.S.C. §§ 2, 4).  The FAA reflects both a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract."  AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339, 131 S. Ct. 1740 (2011) (internal quotations and citations omitted).  "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms."  Id. (citations omitted).  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238 (1985).  "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.  If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms."  Chiron Corp., 207 F.3d at 1130 (citations omitted).

## III.    Analysis

Defendants assert that Plaintiffs must arbitrate their claims on an individual, rather than class-wide, basis because the Arbitration Agreement, which includes the Class Action Waiver, is valid, enforceable, and encompasses the parties' dispute.  Plaintiffs pose two, threshold arguments:  (1) Defendants Motion should be denied under the "effective vindication exception" because the Class Action Waiver precludes certain remedies that ERISA permits.  See Am. Express Co. v. Italian Colors Restaurant, 570 U.S. 228, 235, 133 S.Ct. 2304, 186 L.Ed.2d 417

---

[2/]     The Plan Document contains a choice-of-law provision stating that "[t]he Plan shall be construed, administered and governed in all respects in accordance with ERISA, the Code and other pertinent Federal laws and, to the extent not preempted by ERISA, in accordance with the laws of the State of California . . . ."  (Docket No. 21-3 § 16.7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | | Date | August 7, 2023 |
|---|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | | |

(2013), and (2) Plaintiffs did not assent to the Arbitration Agreement and therefore no agreement to arbitrate their claims was formed. The Court addresses these arguments in turn.

**A.     ERISA**

Claims alleging a violation of a federal statute such as ERISA are generally arbitrable absent a "contrary congressional command." Am. Express Co., 570 U.S. at 233, 133 S.Ct. "As every circuit to consider the question has held, ERISA contains no congressional command against arbitration, therefore an agreement to arbitrate ERISA claims is generally enforceable." Dorman v. Charles Schwab Corp., 780 F. App'x 510, 513–14 (9th Cir. 2019) ("Dorman II") (citing circuit court cases).

In Dorman II, the Ninth Circuit held that a 401(k) plan document's class action waiver and arbitration provision were enforceable. Id. The Circuit explained that "[a]lthough § 502(a)(2) claims seek relief on behalf of a plan, the Supreme Court has recognized that such claims are inherently individualized when brought in the context of a defined contribution plan."[3/] Id. at 514 (citing LaRue v. DeWolff, Boberg & Assocs., Inc., 552 U.S. 248, 128 S.Ct. 1020, 169 L.Ed.2d 847 (2008)). The plaintiff in Dorman II was a prior participant in his employer's 401(k) retirement plan who brought a class action suit against his employer and its subsidiaries, alleging ERISA claims for breach of fiduciary duties of loyalty and prudence, and breach of the duty to monitor the plan fiduciaries who selected investment funds for the plan. The Ninth Circuit explained that "no party can be compelled under the FAA to arbitrate on a class-wide or collective basis unless it agrees to do so by contract" and "[t]he Supreme Court's recent decision in Lamps Plus, Inc. v. Varela, __ U.S. __, 139 S. Ct. 1407, 203 L.Ed.2d 636 (2019), confirms that the parties here should be ordered into individual arbitration, as they did not agree to class-wide or collective arbitration." Id. at 514. (citing Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 684, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010)). The

---

[3/]     ERISA § 502(a)(2) states that a "civil action may be brought . . . by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2); see 29 U.S.C. § 1109 ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.").

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

Circuit further found that, "[b]ecause 'arbitration is a matter of contract,' the [arbitration provision's] waiver of class-wide and collective arbitration must be enforced according to its terms, and the arbitration must be conducted on an individualized basis." Id. (citing Am. Express Co., 570 U.S. at 233, 133 S.Ct. 2304).

Although agreements to arbitrate ERISA claims are generally enforceable, an arbitration provision is not enforceable if it functions as a "prospective waiver of a party's right to pursue statutory remedies." Am. Express Co., 570 U.S. at 236, 133 S.Ct. 2304. This is known as the "effective vindication exception." Id.; see Harrison v. Envision Mgmt. Holding, Inc. Bd. of Directors, 59 F.4th 1090, 1198 (10th Cir. 2023) ("[F]or example, a provision in an arbitration agreement forbidding the assertion of certain statutory rights would run afoul of, and be invalidated by, the effective vindication exception.") (internal quotations omitted).

Plaintiffs cite to three recent cases where courts found that an arbitration provision within an ERISA benefits plan was unenforceable under the effective vindication exception. See Harrison, 59 F.4th at 1106–09; Henry on behalf of BSC Ventures Holdings, Inc. Emp. Stock Ownership Plan v. Wilmington Tr. NA, 72 F.4th 499, 508 (3d Cir. 2023) (referring to the effective vindication exception as the "prospective waiver doctrine"); Smith v. Bd. of Dirs. of Triad Mfg., Inc., 13 F.4th 613, 621–23 (7th Cir. 2021). Notably, the class action waivers in Smith, Henry, and Harrison were unenforceable because they contained "problematic language" that precluded certain plan-wide remedies available under ERISA. In Smith, the class action waiver precluded a plan participant from seeking or receiving relief that "'has the purpose or effect of providing additional benefits or monetary or other relief to any Eligible Employee, Participant or Beneficiary other than Claimant.'" Smith, 13 F.4th at 621. The class action waivers in Henry and Harrison contained similar language.[4/] The Smith Court explained that "[r]emoval of a fiduciary—a remedy expressly contemplated by § 1109(a)—would go beyond just Smith and extend to the entire plan, falling exactly within the ambit of relief forbidden under the plan." Id.; see Henry, 72 F.4th at 507 ("Restitution of 'all plan losses' [under § 1109(a)] would necessarily result in monetary relief to non-party plan participants.").

---

[4/]   See Henry, 72 F.4th at 507 ("[The class action waiver claims to prohibit [plan] participants from bringing a lawsuit that 'seek[s] or receive[s] any remedy which has the purpose or effect of providing additional benefits or monetary or other relief' to any third party."); Harrison, 59 F.4th at 1106 ("'Each arbitration shall be limited solely to one Claimant's Covered Claims, and that Claimant may not seek or receive any remedy which has the purpose or effect of providing additional benefits or monetary or other relief to any Eligible employee, Participant or Beneficiary other than the Claimant.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | | Date | August 7, 2023 |
|---|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | | |

The rulings in Smith, Henry, and Harrison do not conflict with Dorman II. For instance, in Smith, the court clarified that "the problem with the plan's arbitration provision is its prohibition on certain plan-wide remedies, not plan-wide representation," and that individualized arbitration is not "inherently incompatible with ERISA." 13 F.4th at 622. The Smith Court further explained: "The arbitration provision in [Dorman II], as far as we can tell, lacked the problematic language present here." Id.; see Harrison, 59 F.4th at 1109 ("It is not [the provision's] prohibition on class actions that is problematic. Rather, it is [the provision's] prohibition of any form of relief that would benefit anyone other than Harrison that directly conflicts with the statutory remedies available under 29 U.S.C. §§ 1109 and 1132(a)(2), (a)(3).").

Here, although the Class Action Waiver states that "[t]he Arbitrator . . . may not award monetary relief to or for the benefit of any other participants or beneficiaries," it also contains the following clause: "If any portion of the Arbitration provision or Class Action Waiver is found to prohibit a Claimant from obtaining any relief under ERISA that the Claimant would be able to obtain on an individual basis, the Arbitration provision and Class Action Waiver shall not be deemed void; rather, the Arbitrator(s) shall have the authority to award such relief." (Id.) This clause permits the arbitrator to award any relief that ERISA allows a plan participant to obtain "on an individual basis," and ERISA § 502(a)(2) allows an individual plan participant to obtain relief that would benefit the Plan (i.e., removal of a fiduciary or restitution of plan losses).[5] See 29 U.S.C. § 1109(a). Thus, unlike the waiver at issue in Smith, the Plan's Class Action Waiver contains a clause and does not preclude Plaintiffs from seeking relief authorized by ERISA. See Smith, 13 F.4th at 622 (holding that "no claim under § [502(a)(2)] may be arbitrated" because the plan's arbitration provision precludes remedies available under ERISA and "is nonseverable"); see also Dorman II, 780 F. App'x at 514. Therefore, the Class Action Waiver is enforceable.[6]

---

[5] The Class Action Waiver also states: "With respect to equitable, injunctive, and non-monetary relief that may be available under ERISA, to the fullest extent permitted by ERISA, the Arbitrator(s) must limit such relief solely to the individual Claimant." (Docket No. 21-3 § 14.6(i)(iii) (emphasis added).) Accordingly, the arbitrator is permitted to award equitable, injunctive, and non-monetary relief that would benefit the Plan as a whole if such relief is "permitted by ERISA."

[6] Plaintiffs also argue that an individualized arbitration provision within a benefits plan relieves fiduciaries of liability, in violation of 29 U.S.C. § 1110(a). Section 1110(a) states that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability . . . shall be void as against public policy." However, as the Ninth Circuit explained, "an agreement to conduct arbitration on an individual basis does not . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

**B.     Agreement Formation**

Plaintiffs contend that they did not assent to the Arbitration Agreement because they were not notified when it was added to the Plan in 2022. However, "[a] plan participant agrees to be bound by a provision in the plan document when he participates in the plan while the provision is in effect." Dorman II, 780 F. App'x at 512–13 (citing Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723–24 (9th Cir. 2000)). Moreover, ERISA § 502(a) claims "belong to a plan—not an individual" and, therefore, "[t]he relevant question is whether the Plan agreed to arbitrate [] § 502(a)(2) claims." Id. at 513 (citing Munro v. Univ. of S. Cal., 896 F.3d 1088, 1092 (9th Cir. 2018)). In Dorman II, the Ninth Circuit held that the plaintiff participant was bound by an arbitration provision in a retirement plan because the "[p]lan agreed in the Plan document that all ERISA claims should be arbitrated." Id. Here, like in Dorman II, the Plan consented, in the Plan Document, to arbitrate ERISA § 502(a)(2) claims, and Plaintiffs agreed to be bound by the Arbitration Agreement by participating in the Plan. Thus, the Arbitration Agreement was formed.

**C.     Enforceability**

Plaintiffs also challenge the enforceability of the Arbitration Agreement, contending that the agreement is both procedurally and substantively unconscionable under California law. However, Plaintiffs' argument fails due to ERISA's broad preemption language.

With limited exceptions not applicable here, ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). The Ninth Circuit has repeatedly characterized ERISA as "contain[ing] 'one of the broadest preemption clauses ever enacted by Congress.'" Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr, 384 F.3d 667, 673 (9th Cir. 2004) (quoting PM Grp. Life Ins. v. W. Growers Assurance Trust, 953 F.2d 543, 545 (9th Cir. 1992)). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans" and ERISA's "expansive preemption provisions . . . are intended to ensure that employee benefit plan regulation" is "'exclusively a federal concern.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). Thus, the Ninth Circuit recognizes that ERISA preempts state common law claims. See Dowdy v. Metro. Life Ins. Co., 890 F.3d 802,

---

relieve a fiduciary from responsibility or liability." Dorman II, 780 F. App'x at 513. Here, nothing in the Arbitration Agreement alters or relieves the Plan fiduciaries of their duties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

808 (9th Cir. 2018) (explaining that federal common law of ERISA preempts state law in the interpretation of ERISA benefit plans); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 51, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Moreover, ERISA's preemptive effect extends to state law "unconscionability" challenges. Robertson v. Argent Tr. Co., No. CV-21-01711-PHX-DWL, 2022 WL 2967710, at *5 (D. Ariz. July 27, 2022) (rejecting state law unconscionability challenge to an arbitration provision within an ERISA plan); Noecker v. S. California Lumber Indus. Welfare Fund, No. CV0905922DMGSSX, 2011 WL 13147419, at *7 (C.D. Cal. Feb. 25, 2011), aff'd, 522 F. App'x 411 (9th Cir. 2013) ("Plaintiff's unconscionability and public policy arguments under state law are preempted by ERISA."); Cleveland v. Oracle Corp., No. C06-7826 MHP, 2007 WL 915414, at *8 n.6 (N.D. Cal. Mar. 23, 2007) (explaining that ERISA's broad preemption language precludes the application of California law related to the "unconscionability" of an arbitration agreement within an ERISA plan).

Accordingly, Plaintiffs' argument that the Arbitration Agreement is unconscionable under California law is preempted by ERISA.

## Conclusion

For all of the foregoing reasons, the Court concludes that the Plan's Arbitration Agreement is valid, enforceable, and encompasses Plaintiffs' individual claims in this action. The Court also concludes that Plaintiffs waived their right to pursue their class claims. The Court therefore grants Defendants' Motion to Compel Arbitration and dismisses Plaintiffs' class claims. Because the Court has dismissed the class claims and Plaintiffs' remaining claims are subject to arbitration, this action is dismissed. See Brennan v. Opus Bank, 796 F.3d 1125, 1134 (9th Cir. 2015) (affirming district court's order dismissing action in favor of arbitration); Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (stating that district court did not err in dismissing claims subject to arbitration and noting that FAA allows but does not require a stay of court proceedings); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (affirming trial court's dismissal of claims referred to arbitration); Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978). Plaintiffs' Motion to Continue the Deadline to File a Motion for Class Certification (Docket No. 51) is denied as moot.

IT IS SO ORDERED.