# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 23-1943 PA (JCx) | Date | November 13, 2025 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER TO SHOW CAUSE

Plaintiffs Pamela Avecilla and Sean Bailey initiated this action against defendants Live Nation Entertainment, Inc. ("Live Nation") and Live Nation Entertainment, Inc. 401(k) Committee (jointly "Defendants") on March 15, 2023.  Plaintiffs are former employees of Live Nation and participants in Live Nation's 401(k) Savings Plan (the "Plan").  In the Complaint, Plaintiffs, asserted claims under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq., both as individuals and as representatives of a putative class consisting of the Plan's participants and beneficiaries.

Defendants moved to compel arbitration, arguing that under the terms of the Plan's governing document, which contains an arbitration agreement provision and a class action waiver provision, Plaintiffs were required to arbitrate their claims on an individual, rather than class-wide basis. (Docket No. 21.)  Plaintiffs opposed, arguing that the class action waiver violated the effective vindication doctrine, that Plaintiffs did not assent to the arbitration provision, and that the arbitration provision is unconscionable.  (Docket No. 35.)  The class action waiver provision in the Plan's governing document (the "Class Action Waiver") provides, in relevant part, "Every actual or purported participant, beneficiary, assignee, agent, and representative waives the right to commence, be a party to, or be an actual or putative class member of any class, collective or representative action arising out of or relating to the Plan." (Docket No. 23-1, § 14.6.)

On August 7, 2023, the Court issued an Order granting Defendants' motion to compel arbitration. With respect to the Class Action Waiver, the Court concluded that the Class Action Waiver did not violate the effective vindication doctrine and that Plaintiffs had waived their right to pursue their class claims.  (Docket No. 58.)  Plaintiffs appealed the Court's ruling, but because Plaintiff did not challenge the Court's holding with respect to the Class Action Waiver on appeal, the Ninth Circuit did not reach the issue.  (See Docket No. 63 at p. 2 n.2.)  Rather, the Ninth Circuit reversed in part and remanded "for the district court to consider Plaintiffs' unconscionability defenses in the first instance."  (Id. at p. 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | Date | November 13, 2025 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

     After the Ninth Circuit issued its Mandate, the parties, in compliance with this Court's Order dated August 29, 2025, submitted a Joint Status Report setting forth a statement of the legal issues that were remanded to this Court for resolution and the parties' views and proposals regarding the resolution of those issues. (Docket No. 66.) In the Joint Status Report, the parties state, "Although the Ninth Circuit remanded the matter to this Court to consider certain issues related to arbitration of Plaintiffs' claims, Defendants have decided . . . to withdraw their motion to compel arbitration in order to conserve the resources of the Court and the Parties." (Docket No. 66 at p. 2.)

     After obtaining leave of the Court, Plaintiffs filed their First Amended Complaint ("FAC") on October 20, 2025. (Docket No. 78.) In the FAC, Plaintiffs continue to assert their claims individually and as representatives of a putative class. (See id. ¶ 8.) Plaintiffs also represent in the parties' Joint 26(f) Report filed November 10, 2025, that they intend to bring a motion for class certification. (Docket No. 83 at p. 7.) While Defendants claim to have now "withdrawn," their motion to compel, the Court's prior ruling concerning the Class Action Waiver — that the Class Action Waiver does not violate the effective vindication doctrine and that Plaintiffs waived their right to pursue their class claims — was not reversed on appeal. Nor have the parties sought reconsideration of the Court's ruling on this issue. See Fed. R. Civ. P. 59, 60. As such, it appears that the Court's ruling concerning the Class Action Waiver remains binding in this case. Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012) (explaining that the "law of the case" doctrine "generally precludes a court from reconsidering an issue decided previously by the same court . . . in the identical case," while the "rule of mandate," prohibits district court from varying or examining a mandate "for any purpose other than executing it" but allows district court to decide "anything not foreclosed by the mandate").

     Accordingly, the Court hereby orders the parties to show cause in writing why, based on the Court's prior ruling in its August 7, 2023 Order concerning the Class Action Waiver, the Court should not construe Plaintiffs' claims in the FAC as being asserting only by Plaintiffs as individuals. Each party's response shall be filed no later than November 24, 2025, and shall not exceed seven (7) pages in length.

     In light of the circumstances of this case, the Scheduling Conference currently on calendar for November 24, 2025, is continued to December 1, 2025, at 10:30 a.m.

     IT IS SO ORDERED.