UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | Date | November 25, 2025 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - ORDER TO SHOW CAUSE

On November 13, 2025, the Court issued an Order requiring the parties to show cause why the Court should not construe Plaintiffs' claims in the First Amended Complaint as being asserting only by Plaintiffs as individuals rather than on a class-wide basis, based on the Court's prior ruling in its August 7, 2023 Order concerning the class action waiver provision in the applicable 401(k) Savings Plan governing document in this case (the "Class Action Waiver") — specifically, that the Class Action Waiver does not violate the effective vindication doctrine and that Plaintiffs waived their right to pursue their class claims. (Docket No. 88 ("OSC").) The Court is in receipt of the Responses filed by plaintiffs Pamela Avecilla and Sean Bailey (jointly "Plaintiffs") and defendants Live Nation Entertainment, Inc. and Live Nation Entertainment, Inc. 401(k) Committee (jointly "Defendants"). (Docket Nos. 90, 92.)

Both parties urge the Court to allow Plaintiffs' claims to proceed on a class-wide basis in light of the Ninth Circuit's recent decision in Platt v. Sodexo, S.A., 148 F. 4th 709 (9th Cir. Aug. 4, 2025). In Platt, the Ninth Circuit held that the representative action waiver clause in the arbitration provision of an employer-sponsored health insurance plan violated the effective vindication doctrine and was therefore unenforceable. See id. at 721. Plaintiffs argue that the decision in Platt "directly rejects the foundation of this Court's 2023 reasoning." (Docket No. 92 at p. 3.) Defendants state that "[i]n light of the Ninth Circuit's intervening ruling in Platt regarding the effective vindication doctrine, if Plaintiffs were to file a motion for class certification in this case, Defendants do not intend to oppose the motion based on the Plan's Class Action Waiver." (Docket No. 90 at p. 1.)

As the Court previously explained, because the Court's prior ruling in its August 7, 2023 Order concerning the Class Action Waiver was not challenged or reversed on appeal, the Court's ruling on this issue remains the law of this case. See Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012) (explaining that the "law of the case" doctrine "generally precludes a court from reconsidering an issue decided previously by the same court . . . in the identical case," while the "rule of mandate," prohibits district court from varying or examining a mandate "for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1943 PA (JCx) | Date | November 25, 2025 |
|---|---|---|---|
| Title | Pamela Avecilla, et al. v. Live Nation Entertainment, Inc., et al. | | |

any purpose other than executing it" but allows district court to decide "anything not foreclosed by the mandate"). The parties cannot simply agree amongst themselves to disregard the Court's orders or otherwise contravene the law of the case doctrine.

Accordingly, the Court's prior ruling concerning the Class Action Waiver will remain binding in this case unless and until the Court, on motion or stipulation from the parties, concludes that reconsideration of the issue is warranted. See Fed. R. Civ. P. 59, 60; Local Rule 7-18. If the parties seek reconsideration of the Court's prior ruling, they shall do so through the filing of an appropriate motion or stipulation by no later than December 8, 2025.[1/]

The Court is in receipt of the parties' joint 26(f) report and finds that a scheduling conference is not necessary. The scheduling conference currently on calendar for December 1, 2025, at 10:30 a.m. is hereby vacated, and the matter taken off calendar. The Court will notify the parties when it sets a schedule of trial and pretrial dates.

IT IS SO ORDERED.

---

[1] If the parties seek reconsideration on the ground that the decision in Platt constitutes an intervening change in the law concerning whether a representative action waiver violates the effective vindication doctrine in a case asserting claims under ERISA § 502(a)(2), the parties' briefing must make clear why the holding in Platt, which involved a health insurance plan, is binding in this case, which involves a defined contribution plan. See LaRue v. DeWolff, Boberg & Assocs., Inc., 552 U.S. 248, 256, 128 S. Ct. 1020, 1026 (2008) ("[A]lthough § 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account."); Dorman v. Charles Schwab Corp., 780 F. App'x 510, 514 (9th Cir. 2019) (citing LaRue, 552 U.S. 248) ("Although § 502(a)(2) claims seek relief on behalf of a plan, the Supreme Court has recognized that such claims are inherently individualized when brought in the context of a defined contribution plan like that at issue."). While Plaintiffs argue in their Response that "no ERISA fiduciary-breach claim under § 502(a)(2) can be recharacterized as an 'individual' claim," after Platt (Docket No. 92 at p. 2), the decision in Platt does not address LaRue (or the Dorman court's interpretation of LaRue in the context of a § 502(a)(2) claim involving a defined contribution plan).